## STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOSEPH ROSENBERG, PLAINTIFF IN ERROR.

Argued June 18, 1918—Decided June 18, 1918.

On error to the Supreme Court, in which the following *per curiam* was filed:

"The plaintiff in error was convicted before the Atlantic Quarter Sessions on an indictment charging that he 'unlawfully did buy and purchase from one Edward Bowers, a minor under the age of sixteen years, two metal hinges, which said personal property may have been stolen.'

"The crime intended to be charged in the indictment was a violation of the supplement to the Crimes act passed in 1903 (*Pamph. L., p.* 643), which provides that any person who shall buy or purchase any hardware, waste metals, plumbers' or builders' supplies, &c., from any minor under the age of sixteen years, 'which may have been stolen,' shall be guilty of a misdemeanor.

"Before pleading to the indictment counsel for the defendant moved to quash upon the ground that it failed to charge that the goods purchased by him were, in fact, stolen; the contention being that the purpose of the legislature was to punish the purchaser of stolen goods from minors under the age of sixteen, when the circumstances were such as to suggest to a reasonable man that they might have been stolen, and that, consequently, it was necessary for the state to allege that the goods set out in the indictment had, in fact, been so acquired by the vendor.

"The motion to quash was refused, and this judicial action is made the subject of an assignment of error, and also a reason for reversal.

"It is settled in this state that a motion to quash an indictment is addressed to the discretion of the court, and that the denial of such motion, *per se,* is not reviewable, either on strict writ of error or under section 136 of the Criminal Pro-

cedure act. *State* v. *Pisaniello,* 88 *N. J. L.* 262; *State* v. *Plough, Id.* 425; *S. C., Id.* 428. The refusal to quash, therefore, affords no ground for a reversal of the conviction under review.

"At the argument of the case the prosecutor consented that the plaintiff in error might amend his assignments so as to allege error on the record, and thus properly raise the question of the validity of the indictment. The plaintiff in error, however, has not seen fit to take advantage of this offer, and we see no reason why we should assume an assignment which·does not in fact exist, for the purpose of reversing a conviction, especially in a case like the present, where the fact that the goods specified in the indictment were admitted by the plaintiff in error at the trial to have been stolen by the vendor.

"Other errors were formally assigned, but as none of them were argued before us, or even referred to by counsel at the argument, we consider them to have been abandoned.

"The judgment under review will be affirmed."

For the plaintiff in error, *Babcock & Champion.*

For the defendant in error, *Edmund C. Gaskill, Jr.,* prosecutor of the pleas.

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, SWAYZE, BERGEN, MINTURN, BLACK, WHITE, HEPPENHEIMER. WILLIAMS, TAYLOR, GARDNER, JJ.   10.

*For reversal*—None.